[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Collen Ball, appeals the decision of the defendant Department of Motor Vehicles suspending Ball's operator's license for a period of thirty days. The Department acted pursuant to its regulations, sections 14-137-36
to 14-137-39, and General Statutes 14-4a and 14-111a, finding that the plaintiff, a minor, had alcoholic liquor in a motor vehicle he was operating, and that it was his second such offense. The plaintiff appeals pursuant to General Statutes 4-183. The court finds the issues in favor of the plaintiff.
Certain facts are undisputed and provide the basis of the plaintiff's appeal. On March 27, 1990, the plaintiff was issued a warning ticket for an alleged violation of General Statutes 14-111a, which prohibits possession of alcoholic liquors in motor vehicles by minors. On November 23, 1991, the plaintiff was issued a warning ticket for a second alleged violation of
On February 12, 1992, the Department issued two notices of hearing, one for its case number 9200095 scheduled for March 7, 1992, and one for its case number 9200096 scheduled for March 5, 1992. The notice for the March 7, 1992 hearing advised the plaintiff that he would "have the opportunity to respond to the charge or information that you are under the legal drinking age and were found to have alcoholic liquor in CT Page 10020 a motor vehicle you were operating," that the hearing would be held under the authority of General Statutes 14-4a, 14-111a
and Agency Regulations 14-137-36 to 14-137-39, and that the purpose of the hearing was to show cause why the plaintiff's operator's license should not be suspended if there were confirmation of the above allegation.
The notice for the March 5, 1992 hearing was virtually identical to the notice for the March 7, 1992 hearing, except that the third paragraph provided that the plaintiff would "have the opportunity to respond to the charge or information that you are under the legal drinking age and were found to have alcoholic liquor in a motor vehicle you were operating, and this is your second such offense."
While both notices specified the statute which the plaintiff allegedly violated, neither notice specified the date of the alleged violation for which the notice was issued. The plaintiff did not appear at the March 5, 1992 hearing; however, he appeared at the March 7, 1992 hearing.
At the March 5, 1992 hearing, the hearing officer stated for the first time that it concerned the plaintiff's alleged violation of 14-111a on November 23, 1991. On April 15, 1992, the hearing officer issued a decision in which she erroneously stated that the plaintiff had been present at the hearing. She found that the plaintiff had been cited for a violation of 14-111a on March 27, 1990, and was stopped by a police officer again on November 23, 1991 for the same offense. The hearing officer then found, erroneously, that the plaintiff violated 14-111a on August 23, 1990, which was neither of the dates previously cited. Based on these erroneous findings and conclusions, the hearing officer ordered that the plaintiff's operator's license be suspended for sixty days. Apparently, this order was subsequently vacated.
On September 5, 1992, the Department issued another notice of hearing to the plaintiff for October 6, 1992. The September 5, 1992 notice stated that the plaintiff would "have the opportunity to respond to the charge or information that you are under the legal drinking age and were found to have alcoholic liquor in a motor vehicle you were operating, and this is your second such offense." The notice did not specify the date of the alleged violation which would be the subject CT Page 10021 of the hearing. On October 6, 1992, the Department held a hearing before a different hearing officer.
At the October 6, 1992 hearing, the plaintiff's attorney argued that the plaintiff had already attended two prior separate group hearings or seminars at the Department for what the plaintiff had believed were two separate dispositions of the two offenses. One group hearing was on March 7, 1992, and the other one was prior to February 12, 1992. The plaintiff's attorney moved to have the present proceeding dismissed both because of the long time period that had elapsed between the alleged offense and the hearing, and because the Department had previously disposed of the charges against the plaintiff by requiring him to attend the two group hearings. The plaintiff's attorney further asserted that the notice was improper, that the Department "has sufficiently confused the process," and that it was "abundantly clear that the department did not have its papers straight in this case." The hearing officer denied the motion to dismiss.
On December 15, 1992, the hearing officer issued a decision in which he continued what had become a tradition of erroneous fact finding in this case. First, he correctly found that the plaintiff had been cited for an alleged violation of 14-111a on November 23, 1991. But then the hearing officer erroneously, and incredibly, found that the plaintiff, after attending a group possession hearing at the Department, was stopped by a police officer on March 5, 1992 for another alleged violation of 14-111a. This was simply not true; the other violation occurred in 1990. On April 13, 1993, after the plaintiff filed this appeal, the hearing officer finally realized his error and issued an "Amended Decision" in which he found that the plaintiff had been cited for an alleged violation of 14-111a on March 27, 1990, and attended a group possession hearing for that violation at the Department on November 1, 1990. The hearing officer further found that the plaintiff was stopped by the police a second time on November 23, 1991 and cited for an alleged violation of 14-111a. He concluded that the plaintiff violated 111a on that date, and ordered that the plaintiff's operator's license be suspended for thirty days.
In his appeal, the plaintiff asserts that the notice mailed by the Department on February 12, 1992, summoning him to the March 5, 1992 hearing, was inadequate in that the date CT Page 10022 of the offense which was the subject of the hearing was not indicated. The plaintiff argues that the Department's failure to conduct an adequately noticed hearing on March 5, 1992, bars a further de novo hearing by the Department on the same issue. The plaintiff also asserts that the record does not contain substantial evidence to warrant a finding that the plaintiff knew or had reason to know that alcoholic liquor was present in the motor vehicle that he was operating.
The law concerning the adequacy of notice of charges under the Uniform Administrative Procedure Act and the due process provisions of the state and federal constitutions is clear. General Statutes 4-177 provides, in pertinent part,
 (a) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.
 (b) The notice shall be in writing and shall include: (1) A statement of the time, place, and nature of the hearing: (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and regulations involved; and (4) a short and plain statement of the matters asserted. If the agency or party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished.
General Statutes 4-182 (c) provides that "[n]o revocation, suspension, annulment or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action. . . ." "`The stricter notice requirements [of 4-182 (c)] are a function of the more compelling private interest involved'" in license revocation and suspension proceedings. Levinson v. Board of Chiropractic Examiners, 211 Conn. 508, 534, 560 A.2d 403 (1989), quoting Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, CT Page 10023165 Conn. 42, 47 n. 2, 327 A.2d 588 (1973).
In this case, the Department's notices and written decisions were not merely uninformative; they were positively misleading. The plaintiff could not know in advance which alleged violation would be the subject of the hearing in October, 1992 and could not, therefore, prepare any kind of response. The compounded errors in the procedure followed by the Department in this case clearly deprived the plaintiff of any vestige of due process. For that reason, and pursuant to4-183, the Department's decision may not be upheld.
The appeal is sustained.
Maloney, J.